IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA DIVISION

SHANNON WILSON,
        Plaintiff,

vs.                                                          5:08cv355/RS/MD

JEFF DAWSY, et al.
        Defendants.

## O R D E R

Plaintiff has submitted his initial partial filing fee, and this cause is before the court upon plaintiff's civil rights complaint filed pursuant to Title 42 U.S.C. §1983. From a review of this complaint, it is evident that the facts as presented fail to support a viable claim for relief under section 1983 as to some or all of the named defendants. The court will therefore allow the plaintiff an opportunity to clarify his allegations in an amended complaint.

Plaintiff is an inmate in the custody of the Florida Department of Corrections currently incarcerated at the Northwest Florida Reception Center Annex. The events giving rise to this complaint took place prior to plaintiff's incarceration. Plaintiff names four defendants on the first page of his complaint. Jeff Dawsey is identified as Chief of the Citrus County Sheriff, and Christopher Bentz and Robert Crosone are identified as Detectives with the Citrus County Sheriff's office. No address or employment information is provided for the fourth defendant, Clint Adams. Plaintiff alleges that on December 13, 2006, defendants Adams and Crosone entered the residence of an individual named Tiffany Bowden without permission and without a search warrant in an attempt to locate plaintiff. Plaintiff does not explain his relationship to Ms. Bowden or give any indication that he had a reasonable expectation of privacy in the residence. Plaintiff alludes to a criminal

case that was "illegally brought against" him in Citrus County, "illegal" evidence, a "falsified investigation," and official bias and corruption. He claims that Detective Bentz tainted the case against plaintiff by "violating constitutionally protected laws, doctoring evidence, reports and manipulating witnesses," and claims that Bentz's own drug use while on cases and his "reported personal relationships" with witnesses riddled plaintiff's criminal case with damage and harmful error. There are no allegations against Defendant Dawsy. Plaintiff claims violations of Fourth and Eighth Amendment rights against intrusion into one's home, resulting in an "illegal case" against him. Plaintiff seeks review of the actions by Citrus County, an order directing that the case against him be overturned, and monetary damages for "unlawful perscution (sic) and imprisonment on a (sic) illegal court case."

In any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

> 1. whether the conduct complained of was committed by a person acting under color of state law; and
>
> 2. whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420, 428 (1981), <u>overruled on other grounds</u> *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Duke v. Cleland*, 5 F.3d 1399, 1403 (11th Cir. 1993) (citing *Parratt*).

Plaintiff's claim regarding the validity of his criminal conviction is not actionable under section 1983 since it is in the nature of habeas corpus. The Supreme Court stated in *Preiser v. Rodriguez*, 411 U.S. 475, 490, 93 S.Ct. 1827, 1836, 36 L.Ed.2d 439 (1973), that "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983." Regardless of the label plaintiff may place on the action, any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus claim. *Prather v. Norman*, 901 F.2d 915, 918-19 n.4 (11th Cir. 1990) (per curiam); *McKinnis*, 693 F.2d at 1057. Additionally, 28 U.S.C. § 2254(b) requires that before a federal court may consider a petition for writ of habeas

corpus, a state prisoner must first present to the state courts for consideration each issue upon which the petitioner seeks review in federal court.  *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971).  The remedy of an extraordinary petition, specifically, a writ of mandamus or of habeas corpus, is available in the Florida Courts for plaintiff to pursue relief for his gain time issues.  See FLA. CONST., art. V, § 5; FLA. R. CIV. P. 1.630, FLA. R. APP. P. 9.100.  Further, plaintiff may file an appeal at the state level from an adverse decision of the lower court in this matter.  See FLA. CONST., art. V, § 4; FLA. R. APP. P. 9.110.

Based upon the Supreme Court decision in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), plaintiff's challenge to the validity of his conviction should be dismissed.  The Court in *Heck* stated that an action under section 1983 that by its nature challenges the lawfulness of a conviction or sentence is not cognizable unless and until the sentence or conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  *Id.* at 486-487, 114 S.Ct.  at 2372.  Such actions would include those in which the plaintiff seeks damages directly attributable to his conviction or confinement, plaintiff must negate an element of the offense of which he has been convicted in order to prevail, or plaintiff contends that the statute under which he was convicted is unconstitutional.  *Id.; Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003); cf.  *Porter v. White*, 438 F.3d 1294 (11th Cir. 2007) (plaintiff brought § 1983 action after criminal conviction was overturned due to *Brady* violation).  Absent such an invalidation, the section 1983 suit must be dismissed. *Heck*, 512 U.S. at 486-487, 114 S.Ct.  at 2372; see also *Harden v. Pataki*, 320 F.3d 1289, 1295 (11th Cir. 2003); *Hughes*, 350 F.3d at 1160.

*Heck* does not generally bar fourth amendment claims because an illegal search or arrest may be followed by a valid conviction.  *Heck*, 512 U.S. at 487 n.7, 114 S.Ct. 2364; *Hughes v. Lott*, 350 F.3d at 1160  (citing cases).  Therefore, to the extent plaintiff claims a fourth amendment violation due to an allegedly unlawful search, he may be able to state

a claim. It is not clear from plaintiff's complaint whether he challenged and validity of the search during the course of the criminal proceedings against him. Plaintiff is admonished that in order to prevail, he must prove not only that the search was unlawful, but that it caused him "actual, compensable injury." *Heck*, 512 U.S. at 478 n7. The "injury" of being convicted and imprisoned is not encompassed within this phrase until the conviction has been overturned. *Id.*

Finally, to the extent plaintiff seeks to hold Chief Dawsy liable for the actions of the other defendants, plaintiff should also be aware that *respondeat superior*, without more, does not provide a basis for recovery under section 1983. *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *Goebert v. Lee County,* 510 F.3d 1312, 1331 (11th Cir. 2007); *Cottone v. Jenne, 326* F.3d 1352 (11th Cir. 2003); *Harris v. Ostrout,* 65 F.3d 912, 917 (11th Cir. 1995). "Supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." *Cottone v. Jenne,* 326 F.3d 1352, 1360 (11th Cir. 2003); see also *Marsh v. Butler County,* 268 F.3d 1014, 1035 (11th Cir. 2001)*; Swint v. City of Wadley, Alabama,* 51 F.3d 988, 999 (11th Cir. 1995); *Rivas v. Freeman*, 940 F.2d 1491, 1495 (11th Cir. 1991). Thus, one cannot be held liable for the actions or omissions of others, but can only be held responsible if he participated in the deprivation of plaintiff's constitutional rights. *Marsh, supra; Harris v. Ostrout*, 65 F.3d 912, 917 (11th Cir. 1995). The necessary causal connection can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so." *Cottone*, 326 F.3d at 1360 (quoting *Gonzalez v. Reno*, 325 F.3d at 1228, 1234 (11th Cir. 2003) (quoting *Braddy v. Fla. Dept. of Labor & and Employment Sec.*, 133 F.3d 797, 802 (11th Cir. 1998))); *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990); *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700 (11th Cir. 1985). A supervisor ordinarily cannot be held liable under a *respondeat superior* theory for the acts and omissions of individuals acting in contravention to policy. *Tittle v. Jefferson County Commission,* 10 F.3d 1535, 1540 (11th Cir. 1994). However, the causal connection may be established when a

supervisor's "custom or policy ... result[s] in deliberate indifference to constitutional rights" or when facts support an inference that the supervisor "directed [his] subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Goebert v. Lee County,* 510 F.3d 1312, 1331 (11th Cir. 2007) (citation omitted); *Cottone,* 326 F.3d at 1360. "The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous." *Cottone, supra,* (quoting *Gonzalez*, 325 F.3d at 1234). There are no allegations in the complaint against Dawsy, and from the complaint as presented, no cause of action against him will lie.

In amending, plaintiff should carefully review the foregoing to determine whether he can present allegations sufficient to state a cause of action under the relevant law. If plaintiff chooses to file an amended complaint, he must completely fill out a new civil rights complaint form, marking it "Amended Complaint." Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as defendants only those persons who are responsible for the alleged constitutional violations in accordance with the legal standards set forth above. Plaintiff must place the defendants' names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Parties" section of the form. In the statement of facts, plaintiff should clearly describe <u>how each named defendant</u> is involved in each alleged constitutional violation, alleging the claims as to each defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts. It is essential that the facts relating to each defendant be set out clearly and in detail because in civil rights cases, more than conclusory and vague allegations are required to state a cause of action. *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001)*; GJR Investments, Inc. v. County of Escambia, Florida*, 132 F.3d 1359, 1366 (11th Cir. 1998); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). If plaintiff cannot state exactly how a particular defendant harmed him, he should delete or drop that person as a defendant from his complaint. In the section entitled "Statement of Claim," plaintiff must state what rights he contends have been violated, and he must provide support in the statement of facts for the claimed violations. Plaintiff is advised that the amended

complaint must contain all of his allegations because once an amended complaint is filed, all earlier complaints and filings are disregarded.  Local Rule 15.1, Northern District of Florida.

Plaintiff should file the amended complaint with an original signature with the Court and keep an identical copy for himself.  Plaintiff should not file a memorandum of law or otherwise provide citations to statutes and cases, and he should not file exhibits as evidentiary support for his complaint.  The court will notify plaintiff when memoranda and exhibits are necessary, such as prior to trial or in conjunction with a motion for summary judgment.  Furthermore, plaintiff should not submit service copies of his complaint unless and until the court directs him to do so.  Finally, plaintiff is advised that discovery is premature at this stage of the case and plaintiff should not do any discovery without leave of court.

Accordingly, it is ORDERED:

1.  The clerk of court is directed to forward to the plaintiff a civil rights complaint form for use in actions under 42 U.S.C.  §1983.  This case number and the words "Amended Complaint" should be written on the form.

2.  The plaintiff shall have **thirty (30) days** in which to file an amended civil rights complaint, which shall be typed or clearly written and submitted on court forms.

3.  Failure to submit an amended complaint as instructed will result in a recommendation of dismissal of this action.

DONE AND ORDERED this 22nd day of January, 2009.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**