IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA DIVISION

SHANNON WILSON,
        Plaintiff,

vs.                                        5:08cv355/RS/MD

JEFF DAWSY, et al.
        Defendants.

## O R D E R

      Plaintiff has submitted an amended civil rights complaint in accordance with the court's order.  From a review of this complaint, it is evident that the facts as presented fail to support a viable claim for relief under section 1983 as to some or all of the named defendants.  The court will therefore allow the plaintiff an opportunity to clarify his allegations in an amended complaint.

      Plaintiff is an inmate in the custody of the Florida Department of Corrections currently incarcerated at the Northwest Florida Reception Center Annex. The events giving rise to this complaint took place prior to plaintiff's incarceration.  Plaintiff now names two defendants: Detective Robert Crosnoe[1] and Deputy[2] Clint Adams with the Citrus County Sheriff's office.  Plaintiff alleges that on December 13, 2006, defendants Adams and Crosone entered the residence of plaintiff and his fiancee Tiffany Bowden without permission and without a search warrant in an attempt to locate plaintiff.  Only after entering the residence did Adams visually confirm plaintiff's presence.  A pursuit entailed

---

[1] This defendant's name was spelled "Crosone" in plaintiff's previous complaint.

[2] Although defendant Adams is identified as "Sheriff" on page two of the complaint form, plaintiff's allegations make clear that Adams is in fact a deputy sheriff.

and plaintiff was ultimately restrained in the back yard of the residence. Plaintiff contends that the "controlling owner Tiffany Bowden never gave permission for Officers to enter." He claims that his Fourth Amendment rights were violated and seeks damages in the amount of $250,000 and court review of the illegal acts of the two government officials.

In any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

> 1. whether the conduct complained of was committed by a person acting under color of state law; and
>
> 2. whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420, 428 (1981), <u>overruled on other grounds</u> *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Duke v. Cleland*, 5 F.3d 1399, 1403 (11th Cir. 1993) (citing *Parratt*).

It is not clear from the plaintiff's complaint whether he challenged the allegedly unlawful search and seizure during his criminal case. Plaintiff was previously advised that *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) bars § 1983 actions that by their nature challenge the lawfulness of a conviction or sentence unless and until the sentence or conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id*. at 486-487, 114 S.Ct. at 2372. *Heck*, however, does not automatically bar fourth amendment claims because an illegal search or arrest may be followed by a valid conviction. *Heck*, 512 U.S. at 487 n.7, 114 S.Ct. 2364; *Hughes v. Lott*, 350 F.3d at 1160 (citing cases). Plaintiff is admonished that in order to prevail, he must prove not only that the search was unlawful, but that it caused him "actual, compensable injury." *Heck*, 512 U.S. at 478 n7. The "injury" of being convicted and imprisoned is not encompassed within this phrase until the conviction has been overturned. *Id.* Even if plaintiff is not entitled to compensatory damages, if his conviction has not been overturned, a litigant is entitled to an award of nominal damages upon proof of a violation of a substantive constitutional right

even in the absence of actual compensable injury.  *Hughes v. Lott*, 350 F.3d 1157, 1162 (11th Cir. 2003)*; Slicker v. Jackson*, 215 F.2d 1225, 1232 (11th Cir. 2000); *Amato v. City of Saratoga Springs, N.Y.,* 170 F.3d 311, 317 (2nd Cir. 1999); *Carey v. Piphus*, 435 U.S. 247, 266-67, 98 S.Ct. 1042, 1054, 55 L.Ed.2d 252 (1978).  These damages ordinarily do not exceed $1.00.  *Carey v. Piphus, supra.*

In amending, plaintiff should carefully review the foregoing to determine whether he can present allegations sufficient to state a cause of action under the relevant law.   If plaintiff chooses to file a second amended complaint, he must completely fill out a new civil rights complaint form. In his second amended complaint, plaintiff should clarify whether he challenged the constitutionality of the search and seizure at issue in this case during the criminal proceedings, and also the nature of the damages he seeks.  In all other respects, he should follow the court's previous order with respect to amending his complaint, including that he should file the second amended complaint with an original signature with the Court and keep an identical copy for himself.

Accordingly, it is ORDERED:

1.  The clerk of court is directed to forward to the plaintiff a civil rights complaint form for use in actions under 42 U.S.C.  §1983.  This case number and the words "Second Amended Complaint" should be written on the form.

2.  The plaintiff shall have **thirty (30) days** in which to file a second amended civil rights complaint, which shall be typed or clearly written and submitted on court forms.

3.  Failure to submit a second amended complaint as instructed will result in a recommendation of dismissal of this action.

DONE AND ORDERED this 4th day of March, 2009.

/s/ *Miles Davis*
**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**

*Case No: 5:08cv355/RS/MD*