IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA DIVISION

SHANNON WILSON,
    Plaintiff,

vs.                              5:08cv355/RS/MD

JEFF DAWSY,
CHRISTOPHER BENTZ
CLINT ADAMS and
ROBERT CROSNOE,
    Defendants.

## O R D E R

    Plaintiff has submitted a second amended civil rights complaint in accordance with the court's order. (Doc. 13). From a review of this complaint, it is evident that plaintiff has still failed to heed the court's previous orders. The court will therefore allow the plaintiff a final opportunity to clarify his allegations in an amended complaint.

    Plaintiff is an inmate in the custody of the Florida Department of Corrections currently incarcerated at the Northwest Florida Reception Center Annex. The events giving rise to this complaint took place prior to plaintiff's incarceration. Plaintiff now names two defendants: Citrus County Sheriff's employees Robert Crosnoe[1] and Clint Adams. Plaintiff contends that Adams and Crosnoe unlawfully entered the residence at 4850 North Carlo Point, Hernando, Florida without identifying themselves as deputies or gaining consent from Tiffany Bowden.[2] Plaintiff notes that the deputies "entered a residence that did not

---

[1] This defendant's name was spelled "Crosone" in the initial complaint.

[2] In a previous version of the complaint, Ms. Bowden was identified as plaintiff's fiancee and the "controlling owner" of the residence. (Doc. 11 at 5-6).

even belong to Shannon Wilson," and he claims that Deputy Adams admitted his "errors" in entering the residence without probable cause or a search warrant during plaintiff's trial.[3] (Doc. 13 at 6). Plaintiff asserts that the deputies should be reprimanded, the search deemed illegal, and he should be awarded $250,000 in damages per defendant for violations of his constitutional rights.

In any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

> 1. whether the conduct complained of was committed by a person acting under color of state law; and
>
> 2. whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420, 428 (1981), overruled on other grounds *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Duke v. Cleland*, 5 F.3d 1399, 1403 (11th Cir. 1993) (citing *Parratt*).

The Fourth Amendment restrains the government from performing "unreasonable searches and seizures." U.S. Const. amend. IV. To the extent that plaintiff seeks damages attributable to the fact that he was wrongly incarcerated and/or convicted, *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed. 2d 283 (1994), would require dismissal of the claim. The Court in *Heck* stated that an action under section 1983 that by its nature challenges the lawfulness of a conviction or sentence is not cognizable unless and until the sentence or conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id*. at 2372. Absent such an invalidation, his claim for damages attributable to his conviction must be dismissed. *Id*.

*Heck*, however, does not automatically bar all fourth amendment claims because a valid conviction may follow an illegal search or arrest. *Heck*, 512 U.S. at 487 n.7, 114

---

[3] It is not clear what effect, if any, this had on plaintiff's trial as he was apparently convicted.

*Case No: 5:08cv355/RS/MD*

S.Ct. 2364; *Hughes v. Lott*, 350 F.3d at 1160 (citing cases). Although plaintiff is not currently entitled to seek compensatory damages because his conviction has not been overturned, litigants are entitled to an award of nominal damages upon proof of a violation of a substantive constitutional right even in the absence of actual compensable injury. *Hughes v. Lott*, 350 F.3d 1157, 1162 (11th Cir. 2003)*; Slicker v. Jackson*, 215 F.2d 1225, 1232 (11th Cir. 2000); *Amato v. City of Saratoga Springs, N.Y.,* 170 F.3d 311, 317 (2nd Cir. 1999); *Carey v. Piphus*, 435 U.S. 247, 266-67, 98 S.Ct. 1042, 1054, 55 L.Ed.2d 252 (1978). These damages ordinarily do not exceed $1.00. *Carey v. Piphus, supra.* Thus, any claims for damages in excess of this amount should be dismissed.

Even a claim for nominal damages may ultimately be unsuccessful, as utterly lacking from any of plaintiff's complaints is an allegation that he personally had a reasonable expectation of privacy in the residence that was allegedly unlawfully entered. Only individuals who actually have a reasonable expectation of privacy in a given place have standing to challenge the validity of a government search. See *United States v. King*, 509 F.3d 1338, 1341 (11th Cir. 2007) (quoting *United States v. Cooper*, 203 F.3d 1279, 1283-1284 (11th Cir. 2000)). Plaintiff never refers to the residence as "his" residence or "his" home, instead repeatedly referring to it as "the residence" or "the house." The only individual identified or mentioned as having authority to grant permission to enter the house was Tiffany Bowden. Also, plaintiff specifically asserts in his second amended complaint that deputies entered a residence "that did not even belong to [him]." (Doc. 13 at 6). Plaintiff has been advised that once an amended complaint is filed, all earlier complaints are disregarded. (Doc. 10 at 6). However, in an abundance of caution, the court has disregarded its own rules and reviewed previous complaints to compare plaintiff's allegations. As noted above, in the previous amended complaint, plaintiff contended that he resided at the address in question, although Ms. Bowden is identified as the "controlling owner." Therefore, plaintiff will be given a final opportunity to address the issue of his expectation of privacy in the residence.

*Case No: 5:08cv355/RS/MD*

In amending, plaintiff should carefully review the foregoing, as well as the court's previous orders directing him to amend, to determine whether he can present allegations sufficient to state a cause of action under the relevant law.   If plaintiff chooses to file a third amended complaint, he must completely fill out a new civil rights complaint form. In his third amended complaint, plaintiff should clarify his "relationship" to the residence at issue, whether as a guest, an occasional visitor or a resident, and amend his damages claims to reflect the discussion above.  In all other respects, he should follow the court's previous order with respect to amending his complaint, including that he should file the third amended complaint with an original signature with the Court and keep an identical copy for himself.

Accordingly, it is ORDERED:

1.  The clerk of court is directed to forward to the plaintiff a civil rights complaint form for use in actions under 42 U.S.C.  §1983.  This case number and the words "Third Amended Complaint" should be written on the form.

2.  The plaintiff shall have **thirty (30) days** in which to file a third amended civil rights complaint, which shall be typed or clearly written and submitted on court forms.

3.  Failure to submit a third amended complaint as instructed will result in a recommendation of dismissal of this action.

DONE AND ORDERED this 31st day of March, 2009.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

*Case No: 5:08cv355/RS/MD*