IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA DIVISION

SHANNON WILSON,
Plaintiff,

vs. 5:08cv355/RS/MD

CLINT ADAMS and
ROBERT CROSNOE,
Defendants.

---

**O R D E R**

This case is before the court upon plaintiff's third amended complaint. (Doc. 17). In his attempt to clarify some of his factual allegations, he has altered others. In light of the latitude afforded to pro se litigants, the court will allow the plaintiff yet another opportunity to clarify his allegations in an amended complaint.

Plaintiff is an inmate in the custody of the Florida Department of Corrections currently incarcerated at the Northwest Florida Reception Center Annex. The events giving rise to this complaint took place prior to plaintiff's incarceration. Plaintiff now names two defendants: Citrus County Sheriff's employees Robert Crosnoe[1] and Clint Adams, whose addresses are not provided on page two of the complaint form. Plaintiff previously contended that Adams and Crosnoe unlawfully entered the residence at 4850 North Carlo Point, Hernando, Florida without identifying themselves as deputies or gaining consent from Tiffany Bowden.[2] In apparent contrast to prior versions of the complaint, plaintiff now contends that he and Tiffany Bowden shared the residence, bills and other expenses, and

[1]This defendant's name was spelled "Crosone" in the initial complaint.

[2]In a previous version of the complaint, Ms. Bowden was identified as plaintiff's fiancee and the "controlling owner" of the residence. (Doc. 11 at 5-6).

that only Deputy Adams entered the residence without permission from Ms. Bowden or a warrant.  Plaintiff asserts that the search should be invalidated due to the violation of his constitutional rights, and seeks $250,000 in damages per defendant for violations of his constitutional rights.

Some applicable legal standards governing plaintiff's claim were set forth in prior orders, and plaintiff is reminded to refer to those orders.  In particular, plaintiff is reminded that if a defendant's actions did not rise to the level of a constitutional violation, that defendant should be deleted from his complaint.  Additionally, because plaintiff does not allege that the conviction arising from the allegedly unlawful search has been overturned or that he has suffered any specific, actual injury, he is advised that he may only be entitled to recover nominal damages.  *Slicker v. Jackson*, 215 F.2d 1225, 1232 (11th Cir. 2000).  Such damages do not exceed $1.00.  Finally, plaintiff must ensure that he fully and completely fills out the complaint form, including defendants' addresses and details concerning prior litigation, as appropriate.

Accordingly, it is ORDERED:

1.  The clerk of court is directed to forward to the plaintiff a civil rights complaint form for use in actions under 42 U.S.C. §1983.  This case number and the words "Fourth Amended Complaint" should be written on the form.

2.  The plaintiff shall have **thirty (30) days** in which to file a fourth amended civil rights complaint, which shall be typed or clearly written and submitted on court forms, and shall comply with the instructions in this and the court's previous orders.

3.  Failure to submit a fourth amended complaint as instructed may result in a recommendation of dismissal of this action.

DONE AND ORDERED this 23rd day of June, 2009.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

*Case No: 5:08cv355/RS/MD*