IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA DIVISION

SHANNON WILSON,
    Plaintiff,

vs.                             5:08cv355/RS/MD

CLINT ADAMS and
ROBERT CROSNOE,
    Defendants.

---

## ORDER and
## REPORT AND RECOMMENDATION

This case is before the court upon plaintiff's fourth amended complaint. (Doc. 22). Plaintiff has also filed a motion for reconsideration and reclassification. (Doc. 23).

The plaintiff's complaint arises from an allegedly unlawful search of a residence located at 4850 North Carlo Point, Hernando, Florida. Deputy Adams, the only defendant named in the most recent complaint, allegedly entered the residence without a warrant or permission in an attempt to locate plaintiff, and it is this conduct which plaintiff complains is a Fourth Amendment violation. Plaintiff has been required to amend his complaint several times to clarify factual allegations regarding the circumstances of the search and the nature of any privacy interest he or other individuals had in the property because his allegations varied in different versions of the complaint. In the most recent complaint, plaintiff has omitted any mention of a privacy interest in the property, and has omitted reference to Tiffany Bowden, who was identified in earlier complaints as his girlfriend and either the primary resident or a joint resident at the location in question. Plaintiff claims a violation of his Fourth Amendment rights and seeks "evidentiary review of the actions" of defendant Adams.

In the motion for reconsideration and reclassification, plaintiff indicates that he seeks no money damages, but only a "review and judicial order reversing the search as illegal and **release from all charges stemming from the illegal search**." (Doc. 23 at 4) (emphasis added). Therefore, he requests that the court reclassify this action as a habeas action.

The Supreme Court stated in *Preiser v. Rodriguez*, 411 U.S. 475, 490, 93 S.Ct. 1827, 1836, 36 L.Ed.2d 439 (1973), that "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983." However, before a federal court may consider a petition for writ of habeas corpus, a state prisoner must first present to the state courts for consideration each issue upon which the petitioner seeks review in federal court. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). There is no indication from plaintiff's submissions that he has done this. Thus, his request to convert this case to a petition for habeas corpus will be denied.[1] Such a conversion would be futile, as failure to have pursued his state court remedies would subject a habeas petition to summary dismissal.

With respect to plaintiff's complaint, in light of plaintiff's assertion that he seeks no damages,[2] but only "release from his charges," it appears that his complaint should be dismissed. See *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). The Court in *Heck* stated that an action under section 1983 that by its nature challenges the lawfulness of a conviction or sentence is not cognizable unless and until the sentence or conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id*.

---

[1] In order to pursue a habeas action pursuant to 28 U.S.C. § 2254, plaintiff would be required to submit the appropriate court form.

[2] Plaintiff was previously advised that even if he prevails in this action, he might only be able to recover nominal damages. He has apparently abandoned even his claim for nominal damages, instead seeking release from custody.

*Case No: 5:08cv355/RS/MD*

at 486-487, 114 S.Ct. at 2372. *Heck* does not totally bar fourth amendment claims because an illegal search or arrest may be followed by a valid conviction. *Heck*, 512 U.S. at 487 n.7, 114 S.Ct. 2364; *Hughes v. Lott*, 350 F.3d at 1160 (citing cases); see also *Dyer v. Lee*, 488 F.3d 876, 879-881 (11ᵗʰ Cir. 2007). However, because the only relief plaintiff seeks by his own admission is in the nature of habeas corpus, a § 1983 action is not the proper forum for his claim. It is well established that a prisoner in state custody cannot use a section 1983 action to challenge "the fact or duration of his confinement." *See Preiser v. Rodriguez*, 411 U.S. 475, 489, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973); *see also Wolff v. McDonnell*, 418 U.S. 539, 554, 94 S. Ct. 2963, 41 L. Ed.2 d 935 (1974); *Heck v. Humphrey*, 512 U.S. 477, 481, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994); *Edwards v. Balisok*, 520 U.S. 641, 648, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997). Plaintiff must seek federal habeas corpus relief (after having pursued appropriate state relief) instead.

Accordingly, it is ORDERED:

Plaintiff's motion for reconsideration and reclassification (doc. 23) is DENIED.

And it is respectfully RECOMMENDED:

That this case be dismissed without prejudice and the clerk be directed to close the file.

DONE AND ORDERED this 29ᵗʰ day of July, 2009.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**